IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY L. ESTEP | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0190-N |
| | § | |
| 254TH JUDICIAL DISTRICT COURT | § | |
| OF DALLAS, TEXAS, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jeffrey L. Estep generally alleging that various Texas judges, court clerks, and attorneys have violated his constitutional rights in a divorce case and related child custody dispute. On January 29, 2007, petitioner tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by petitioner in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On February 5, 2007, the court sent a *Spears*[1] questionnaire to petitioner in order to obtain additional information about the factual basis of his suit. Petitioner was warned that the failure to answer the questionnaire

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. Instead, on February 26, 2007, petitioner requested an extension of time to answer the questionnaire.[2] The court granted an extension until March 12, 2007, warning petitioner that "this case may be dismissed without further notice if he fails to file verified answers to the *Spears* questionnaire within the time specified herein." *See* Order, 2/27/07 at 1. The order specifically provides that "[n]o further extensions will be granted absent exceptional circumstances." *Id.* at 2. On March 12, 2007, the day his answers were due, petitioner filed a second motion for extension of time. The court denied the motion, but gave petitioner until March 20, 2007 to answer the questionnaire. *See* Order, 3/13/07. Once again, petitioner was warned that "this case may be dismissed without further notice if he fails to file verified answers to the *Spears* questionnaire within the time specified herein." *Id.* To date, the questionnaire remains unanswered. The court now concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court

---

[2] As part of his motion, petitioner requested an emergency writ of habeas corpus to compel the return of his minor child from the State of Washington. That request was denied. *See* Order, 2/27/07.

order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a written questionnaire to petitioner nearly two months ago. Petitioner has not answered the questionnaire despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to respondents. The inability to proceed with this litigation is directly attributable to petitioner's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer *Spears* questionnaire).

## RECOMMENDATION

Petitioner's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2007.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE